Plaintiffs, Dallas and Martha Hallman, filed this action on June 23, 1980, in Mobile Circuit Court against defendants Marion Corporation, Kenneth Walters, and various fictitious parties seeking damages for injuries resulting from the alleged negligence and wantonness of defendants. The action arose as the result of an automobile accident. Personal service was made on Marion Corporation on July 28, 1980. Approximately three months later, on October 9, 1980, the trial court entered a default judgment against defendant Marion Corporation for $200,000.00 plus costs of court. Prior to that judgment, defendant Kenneth Walters was never served with legal process.
On February 20, 1981, Marion Corporation filed a motion requesting the trial court to reconsider or, in the alternative, to set aside the entry of default and default judgment. The defendant set forth several grounds which are summarized as follows:
(1) The default judgment was not a final judgment because claims remained pending against other named defendants stated in the complaint;
(2) Proper service of process was not had on the defendant in that an employee of the defendant not capable of receiving service *Page 132 
of process was served with the summons and complaint;
(3) The entry of default and default judgment by the trial court was not obtained in a procedurally correct manner pursuant to Rule 55, Alabama Rules of Civil Procedure; and
(4) The default was excused because of mistake, inadvertence, and excusable neglect by the defendant.
After an evidentiary hearing, the trial court entered an order granting Marion Corporation's motion to reconsider or to set aside the default judgment on condition that Marion Corporation secure the appearance of Marion Drilling and Service Corporation and Kenneth Walters as defendants in this action. Marion Corporation complied with the requirements of this order, and the default judgment was set aside on July 1, 1981. The trial court issued a certificate of appealability of an order not otherwise appealable and, subsequently, we granted plaintiffs' petition to appeal from an interlocutory order,i.e., the order setting aside the default judgment. We affirm.
Plaintiffs contend that it was error for the trial court to set aside the default judgment on any of the grounds alleged by defendant. We disagree. The default judgment on behalf of plaintiffs was not a final judgment. The claims against Kenneth Walters and certain fictitious defendants were not adjudicated at the time the default was taken against Marion Corporation. The significance of a judgment against less than all of the parties is that the judgment does "not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry ofjudgment adjudicating all the claims and the rights andliabilities of all the parties." Rule 54 (b), Alabama Rules of Civil Procedure. (Emphasis added.) A judgment by default, rendered in advance against one of several defendants, is interlocutory until final disposition is made as to all the defendants. Ford Motor Credit Company v. Carmichael, Ala.,383 So.2d 539 (1980).[1] Interlocutory orders and judgments are, therefore, not brought within the restrictive provisions of Rule 60 (b), Alabama Rules of Civil Procedure, which provides for relief from final judgments. Instead, such orders are left within the plenary power of the court that rendered them to afford relief from them as justice requires. Wright Miller, Federal Practice and Procedure: Civil § 2852.
The granting or denying of a motion to set aside a judgment of the court involves the exercise of the sound discretion of the trial court, and that will be interfered with by an appellate court only when there is an abuse of discretion. Wadev. Pridmore, Ala., 361 So.2d 511 (1978). The trial court in the present case, by exercising its plenary power to revise the default judgment before final adjudication of the rights and liabilities of all the parties, did not abuse its discretion. The order of the trial court must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] A contrary result might be reached under amendments to Rules 4 (f) and 54 (b), ARCP, which provide that a judgment is final when it disposes of fewer than all the parties when the parties as to whom there has been no judgment have not yet been served with process. However, the effective date of those amendments is March 1, 1982, thereby precluding their applicability to the present case.