This is an appeal from an order refusing to set aside a default judgment against Frank Fountain, individually; J. Frank Fountain III, individually; J. Frank Fountain III, Inc.; and Frank Fountain Enterprises, Inc., d/b/a Southeastern Machinery. (All these are referred to hereinafter as "Fountain.") We affirm.
On April 19, 1990, Permatile Concrete Products Company ("Permatile") filed a two-count complaint against Fountain in Blount County Circuit Court, seeking to recover damages for breach of warranty and fraud in connection with Permatile's purchase of certain machinery from Fountain. Fountain was served with the complaint on April 26, 1990. On July 10, 1990, a "default" was entered by the trial court and a hearing was set to take testimony on the question of damages. On August 15, 1990, the court entered a default judgment against Fountain for $55,030 in compensatory damages and $20,000 in punitive damages. The court also ordered Fountain to return certain machinery to Permatile or, in the alternative, to pay Permatile its alternative value of $2,000. On October 26, 1990, Fountain filed a motion, pursuant to Rule 60(b)(1), Ala.R.Civ.P., to set aside the judgment. That motion read, in pertinent part, as follows:
 "At the time of service of said complaint, the . . . Defendant[s] . . . did not forward said Summons and complaint over to the undersigned [attorney] for answer or other responsive pleadings.
 "There were numerous discussions going on between the Plaintiff and the Defendants and the Defendants were under the impression that the cause was settled, with the exception of the amount of freight charges to the Plaintiff.
 "That the attorney for the Defendants who would normally handle the pleadings of the Defendants underwent open heart surgery on the 7th day of August, 1990, and was out of the office until the middle of September, 1990, . . . when he returned on a part-time basis, and was only made aware of said default judgment after his release from the hospital.
 "WHEREFORE, Defendants pray that this Honorable Court will set aside the Judgment heretofore rendered because of inadvertence and excusable neglect on part of the Defendants in having their attorney ill and . . . not sending said Summons and complaint to the undersigned for answering or other responsive pleadings as provided under Rule 60, Alabama Rules of Civil Procedure, and for such other, further, and different relief to which [they] may be entitled in the premises."
Fountain also filed on October 26, 1990, a motion, pursuant to Rule 62(b), Ala.R.Civ.P., to stay execution on the judgment pending a ruling on the Rule 60(b)(1) motion. That motion stated:
 "There is presently pending a Rule 60 Motion in this cause which was filed on October 26, 1990. Pursuant to Rule 62(b) of the Alabama Rules of Civil Procedure, this Court has the authority to stay the execution of or any proceedings to enforce the default judgment previously entered in this case, including but not limited to any levy, execution or attachment.
 "The Rule 60 Motion filed on October 26, 1990, in this cause is adopted in full and as support for this Motion as if fully set forth herein.
 "For that the Defendants have valid defenses to the Complaint made the basis of the default judgment in this cause.
 "These Defendants should not suffer as a result of their good faith belief that the lawsuit was settled or because of the serious illness of their attorney."
The record indicates that Fountain presented no evidence to the trial court in support *Page 1071 
of either of these motions.[1]
In DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1089-90 (Ala. 1990), this Court stated:
 "It is well established that the decision to grant or to deny relief pursuant to a Rule 60(b) motion is discretionary with the trial court. Smith v. Clark, 468 So.2d 138 (Ala. 1985); Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala. 1979). In reviewing the trial court's ruling on such a motion, we cannot disturb the trial court's decision unless the trial court abused that discretion in denying the motion. See Baker v. Ball, 473 So.2d 1031 (Ala. 1985); Textron, supra.
 "In Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), the Court outlined the general policy considerations to be weighed when determining whether a default judgment should be set aside:
 " '[W]hen exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable. . . . The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court's use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. . . . We have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. . . . We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.'
"Id. at 604-05 (citations omitted, emphasis added). The Court in Kirtland established a three-factor analysis for the trial court to apply when considering whether to set aside a default judgment:
 " '[W]e hold that a trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct. . . .'
 "Id. at 605 (citations omitted); see also Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610 (Ala. 1988); Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987)."
The Court in DaLee also acknowledged that the three-factor analysis discussed in Kirtland, applicable to motions to set aside default judgments pursuant to Rule 55(c), Ala.R.Civ.P., was also applicable to motions to set aside default judgments pursuant to Rule 60(b). In addition, the Court noted that "[a] trial court's discretionary authority under Rule 60(b) is much broader than it is under Rule 55(c)." 561 So.2d at 1090, n. 3.
To meet the meritorious-defense element, Fountain did not have to satisfy the trial court that he would necessarily prevail at a trial on the merits, only that he was prepared to present a plausible defense. To meet his burden in this regard, it was incumbent upon Fountain to show in his Rule 60(b)(1) motion, not by conclusory allegations, but by definite recitation of *Page 1072 
facts, that an injustice probably had been done by the judgment, in that he had a valid defense to Permatile's claims. Again, we quote from DaLee:
 "When construing the term 'meritorious defense,' the Court in Kirtland, quoting from Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969), stated:
 " ' "It is universally recognized as an essential to the obtaining of relief from a default judgment entered with jurisdiction that there should appear in the motion a clear and specific statement showing, not by conclusion, but by definite recitation of facts, that an injustice has been probably done by the judgment, in that the debt or demand was not owing; that there was a valid defense to it, and that on another trial there will in reasonable probability be a different result. All of the authorities require at least this much." '
 "524 So.2d at 606 (emphasis added); see also [Appalachian Stove Fabricators, Inc. v. Roberts, 544 So.2d 893 (Ala. 1989)]."
561 So.2d at 1090.
The record shows that Fountain failed to recite specific facts, either in his Rule 60(b)(1) motion or in his Rule 62(b) motion to stay execution of the judgment, to show that he had a meritorious defense to Permatile's claims. Fountain's conclusory allegations in his Rule 62(b) motion were insufficient as a matter of law to satisfy the meritorious-defense element.
Because Fountain recited no specific facts in either of his motions to show the existence of a meritorious defense and presented no evidence to the trial court in support of those motions, the trial court would certainly have been justified in assuming that no meritorious defense existed and, consequently, that Permatile would be unfairly prejudiced by any further delay in its attempt to recover damages for wrongs that it allegedly had suffered.
Finally, the record is insufficient to show that the default judgment was not the fault of Fountain's own culpable conduct. Conduct committed willfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence, by itself, is insufficient. Kirtland at 607. Fountain's conclusory allegations that he thought the suit had been settled were insufficient as a matter of law to warrant a finding that the default judgment was not the result of culpable conduct on Fountain's part.
Fountain alleged in his motions that the default judgment was the result of "inadvertence or excusable neglect" on his part; however, the record shows that Fountain was served with the complaint on April 26, 1990. From the record we know that Fountain's attorney had not been employed to represent Fountain as of July 10, 1990, approximately two and a half months after Fountain had been served with the complaint. Although Fountain's attorney underwent open-heart surgery on August 7, 1990, and was out of his office until the middle of September 1990, from all that appears in the record, Fountain's attorney was not employed until after he had returned to his office after undergoing the surgery. It does not appear that Fountain's delay in retaining an attorney to appear and defend against this suit was the result of "mistake, inadvertence, surprise, or excusable neglect" that ordinary prudence could not have guarded against. Rule 60(b)(1). Fountain's conclusory allegations that he thought the suit had been settled were insufficient as a matter of law to warrant a finding that the default judgment was due to be set aside under Rule 60(b)(1). In order to obtain relief under Rule 60(b)(1), Fountain had to show, in addition to satisfying the trial court that setting aside the default judgment was not precluded under the three-factor analysis established in Kirtland, that the requirements of Rule 60(b)(1) were satisfied. In DaLee the Court noted:
 " ' "A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree. Read v. Walker, 18 Ala. 323, 333." [(1850)] Boothe v. Shaw, 214 Ala. 552, 108 So. 563, 564.' [(1926)] *Page 1073 
 "Quoted as authority in Fancher v. Fancher, 262 Ala. 489, 80 So.2d 248 (1955).
". . . .
 "In McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 301, 27 So.2d 499, 503 (1946), the Court set out the duty of a party when legal process is duly served upon him:
 " 'It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion to set aside a judgment for default should be denied. Little v. Peevy, [238 Ala. 106, 189 So. 720 (Ala. 1939)].
 " 'Courts cannot act as guardian for parties who are grossly careless of their own affairs. All must be governed by the laws in force, universally applied, according to the showing made.
 " 'If judgment be entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated.' "
561 So.2d at 1091.
For the foregoing reasons, we cannot hold that the trial court abused its discretion in refusing to set aside the default judgment against Fountain.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Fountain did submit to this Court the affidavit of his attorney in support of his motion to stay execution of the judgment pending appeal. That affidavit was not before the trial court when it ruled on Fountain's request to set aside the judgment; therefore, being bound by the record, we cannot rely on that affidavit as a basis for finding an abuse of discretion on the part of the trial court. Ex parte Singleton,475 So.2d 186 (Ala. 1985); King v. Smith, 288 Ala. 215,259 So.2d 244 (1972). We note that even if we could consider Fountain's affidavit, our holding in this case would be the same.