COOK, Justice
(dissenting).
When considering a Rule 60(b), Ala.R.Civ. P., motion, a court must balance finality against the need to remedy injustice. See Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala.1982). Rule 60(b) provides:
“On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ; or (6) any other reason justifying relief from the operation of the judgment.”
To obtain relief under Rule 60(b), Bargain-town Homes would have to allege and prove one of the grounds set out in the rule and allege and prove a meritorious defense to the action. Reese v. Robinson, 523 So.2d 398 (Ala.1988). To satisfy the meritorious-defense element, Bargaintown Homes would not have to prove that it would prevail on the merits at trial, only that it possessed a plausible defense. Fountain v. Permatile Concrete Products Co., 582 So.2d 1069 (Ala.1991). I believe that Bargaintown Homes has set forth sufficient facts to prove mistake and/or excusable neglect and has presented a meritorious defense. Therefore, I think the failure to set aside the default judgment was an abuse of discretion. Whether Bargaintown falsified its answer to Crestpointe’s writ of garnishment should be resolved on the merits before imposing a judgment in excess of $20,000.
At least two meritorious arguments are presented by Bargaintown Homes: 1) That it has evidence that the judgment debtor was not employed with Bargaintown Homes when the answer was filed; and 2) That it has evidence, though disputed, that its representative was told by the attorney for Crest-pointe there was no need to appear at the hearing contesting the garnishee’s answer. I believe that either argument of Bargaintown Homes presents a meritorious defense, and I believe that, at least minimally, Bargaintown has proven one, if not two bases for relief under Rule 60(b). Therefore, I believe it is entitled to have the default judgment set *112 aside and to have a hearing on the merits. I therefore dissent.
MADDOX, J., concurs.