I concur in Part II of the majority opinion. As to Part III, however, I respectfully dissent.
As the majority opinion correctly states, Judge Gaither refused to dismiss Ivey v. Allstate Life Insurance Company andEric Glover, CV-97-52. That case is on the active trial docket. Consequently, regardless of procedural bars that exist with regard to the cases that Judge Gaither dismissed, his order striking certain witnesses from the witness list in Ivey was clearlyinterlocutory.
Trial courts "retain continuing control over interlocutory orders and [have] the power to set those orders aside any time before a final judgment is entered." Fruehauf Corp. v. Carrillo,848 S.W.2d 83, 84 (Tex. 1993); Rule 54(b), Ala.R.Civ.P.; see alsoMiller v. Santiago, 642 So.2d 446, 447 (Ala. 1994) (orders entered before a final judgment is entered in an action are "interlocutory, and, therefore, subject to change"); Hallman v.Marion Corp., 411 So.2d 130, 132 (Ala. 1982) (interlocutory orders "are left within the plenary power of the court that rendered them to afford relief from them as justice requires");Ford Motor Credit Co. v. Carmichael, 383 So.2d 539, 541 (Ala. 1980) ("interlocutory orders . . . are not subject to the restrictive provisions of [Ala.R.Civ.P. 60(b)]"); 60 C.J.S.Motions Orders § 62(1), at 94 (1969) ("a court, while it still retains jurisdiction over the cause in which [an] order was made, may, for sufficient cause shown, amend, correct, resettle, modify, or vacate . . . [the] order"). The decision whether to amend or vacate an interlocutory order is committed to the sound discretion of the trial judge. Hallman, 411 So.2d at 132; see alsoTalkington v. Womens Servs., P.C., 256 Neb. 2, 588 N.W.2d 790
(1999).
The petitioners contend "that Judge Smithart's order in Ivey
and his [order dismissing the cases] are inextricably intertwined, incapable of separation, and a concomitant abuse of discretion."Petitioners' Reply Brief, at 21. However, the petitioners have alleged no substantive facts — in addition to this bare contention — *Page 1073 
that would suggest Judge Smithart abused his discretion in vacating Judge Gaither's order striking the witnesses. On the contrary, Judge Gaither's final judgments dismissing the cases, from which no appeal was taken, are entirely distinct and easily severable from his interlocutory order regarding the substance of the witness list in the ongoing Ivey
litigation.
It is true that a writ of mandamus "is an appropriate remedy when there is a clear showing that the trial judge abused his or her discretion by exercising it in an arbitrary and capricious manner." Ex parte Ford Motor Credit Co., 607 So.2d 169, 170
(Ala. 1992). However, "[w]hile the writ will issue to compel the exercise of discretion by a circuit judge, it will not issue to compel the exercise of discretion in a particular manner." Id. (emphasis added).
The decision to vacate Judge Gaither's interlocutory order was within the sound discretion of Judge Smithart. Because Judge Smithart did not abuse his discretion, I respectfully dissent.
Johnstone, J., concurs.