776 So.2d 31 (2000)
Ex parte Charles KING, as administrator cum testamento annexo of the estate of Lear Idellar King, deceased.
(Re Charles King, as administrator cum testamento annexo of the estate of Lear Idellar King, deceased v. Virginia Dare King Robinson et al.)
1981993.
Supreme Court of Alabama.
March 24, 2000.
Rehearing Denied June 30, 2000.
*33 Eric J. Breithaupt of Rives & Peterson, P.C., Birmingham, for petitioner.
Stan Brobston of Brobston & Brobston, P.C., Bessemer, for respondents.
HOOPER, Chief Justice.
Charles King, as adminstrator c.t.a., obtained a default judgment in the Jefferson Circuit Court, Bessemer Division, against Virginia Dare Robinson. Robinson moved to set aside the default judgment, 83 days after it was entered. Judge Dan C. King set aside the default judgment, without a hearing and without giving Charles King an opportunity to be heard on the motion to set it aside. Charles King now petitions this Court for a writ of mandamus directing Judge King to vacate his order setting aside the default judgment. The petition is granted and the writ is issued.
King filed a lawsuit in January 1998, stating claims based on theories of conversion, money had and received, legal malpractice, felonious injury, and conspiracy. The defendants, Virginia Dare Robinson; William G. Vietch; and Robinson's children, Deborah Crafts and Carl Beckman, moved in May 1998 to dismiss the complaint. The motion to dismiss was denied on August 17, 1998, and the defendants were given 30 days to file their answers. The defendants Virginia Dare Robinson and William G. Vietch did not file answers within the 30 days.
In January 1999, Charles King moved for a default judgment against both Vietch and Robinson. Attached to his motion was the required certificate of service by which King certified that he had served both Vietch and Robinson through their attorney, Ralph Armstrong. Vietch filed a pro se answer to the complaint on the same day the default-judgment motion was served, but Robinson did not answer at all. The hearing on the default-judgment motion was set for March 19, 1999. Robinson's attorney was notified of the hearing by a fax communication sent by Judge King; this was the usual method for giving notice of such hearings in Judge King's court. In a letter dated March 9, 1999, Charles King's attorney wrote Ralph Armstrong, asking Armstrong if he still represented Vietch; he asked, he said, because Vietch had filed a pro se answer, but nothing further. This letter also reminded Armstrong of the March 19th hearing.
Neither Robinson nor Armstrong, her attorney, appeared at the March 19, 1999, hearing, and the trial court entered a default judgment in favor of Charles King on April 7, 1999, and in that judgment made a certfication under Rule 54(b), Ala. R. Civ. P., to make that judgment final. The case action summary sheet reflects that a copy of the default judgment was sent to the attorneys involved in the case, and a copy went to Ralph Armstrong, along with a cost bill. Robinson filed a motion to set aside the default judgment on June 29, 1999-83 days after the default judgment had been entered and made final. Robinson's motion was granted, without a hearing, on July 6, 1999.

I.
Because an order setting aside a default judgment is interlocutory and, therefore, not appealable, the proper remedy to review the trial court's action in entering that order is a petition for a writ of mandamus. Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560 (1948). The standard for issuing a writ of mandamus is well settled:
"Mandamus is an extraordinary remedy requiring a showing that there is: `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Edgar,, 543 So.2d 682, *34 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)."
Ex parte Johnson, 638 So.2d 772, 773 (Ala. 1994). And see Ex parte Preston Hood Chevrolet, Inc., 638 So.2d 842 (Ala.1994); and Ex parte Liberty Nat'l Life Ins. Co., 631 So.2d 865 (Ala.1993). The standard of review this Court applies when considering a petition asking for a writ of mandamus requiring a judge to vacate an order setting aside a default judgment is whether the judge, in setting aside the default judgment, abused his discretion. See DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala. 1990); Hallman v. Marion Corp., 411 So.2d 130 (Ala.1982).

II.
The default judgment against Virginia Dare Robinson was made final pursuant to Rule 54(b), Ala. R. Civ. P. Robinson had not answered, and she did not appear at the hearing on the motion for a default judgment. The trial judge found that she was in default and, based on its findings of facts, found that there was no just reason for delaying the entry of a judgment pending the determination of the case against Vietch.
Robinson argues that the judgment against her is not in fact final and will not become final until the claims against William Vietch are disposed of, because the two are codefendants. Robinson cites Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), claiming that where the theory of recovery is one of joint liability, a recovery is not effective unless it is granted against all defendants. Robinson also relies on Aetna Casualty & Surety Co. v. McIntyre, 555 So.2d 87 (Ala. 1989), in which this Court held that a default judgment could not be entered against one defendant for failure to appear, where that defendant's liability was based on a codefendant's liability. This Court stated:
"To find Frank liable when his liability would have to be based on Rhonda's liability, and Rhonda has been determined to have no liability, would be inequitable. See generally Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872). `Frow stands for the narrow rule that a default judgment may not be entered against one of several defendants (1) where the theory is one of true joint liability, such that, as a matter of law, no one defendant may be liable unless all defendants are liable, or (2) where the nature of the relief demanded is such that, in order to be effective, it must be granted against each and every defendant.'"
555 So.2d at 88.
The case of Vietch and Robinson does not present a situation where, as a matter of law, neither defendant may be liable unless both are liable. In order to illustrate this point, we must examine the allegations underlying the claims. Apparently, Robinson's mother, Lear King, left Robinson and her brother, Troy King, property from her estate. Robinson received their mother's house, worth $40,000. Troy King received certificates of deposit worth between $10,000 and $20,000. Troy King never transferred those certificates into his name. Troy King died. Robinson agreed to deliver the certificates of deposit to the estate of Troy King but never did. Charles King, as administrator of Troy King's estate, moved to reopen Lear King's estate. Acting on behalf of the estate of Lear King, Charles King then went to the bank that had issued the certificates of deposit, only to discover that the certificates had been paid out.
Charles King, in his complaint, alleges that Virginia Robinson went to the bank and, either by "posing as Lear I. King or by other fraudulent means, statements, or representations obtained a check payable to Lear Idellar King." The complaint further alleges that she then endorsed the check, delivered it to William Vietch, who also endorsed it and then deposited the funds into his attorney's trust account. The complaint alleges that Virginia Robinson then went back to the bank and told *35 the bank that the certificates of deposit that had belonged to King had been misplaced and had the bank "reissue certificates of deposit in the name of Virginia Robinson and/or deposit them into accounts in the name of Virginia Robinson and/or her children, Deborah K. Crafts and Carl Beckman."
The trial court, in its default judgment, held that Robinson's actions, alone and without the assistance of Vietch, were sufficient to support the claims against her. This Court has recognized that a default judgment against one of several defendants is not a final order, unless it is made final by a certification pursuant to Rule 54(b), Ala. R. Civ. P. See Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984) (overruled on other grounds by Ex parte Andrews, 520 So.2d 507 (Ala.1987)); Ford Motor Credit Co. v. Carmichael, 383 So.2d 539 (Ala.1980). The trial court found that there was no just reason for delaying the entry of a final judgment against Robinson and entered the Rule 54(b) certification making the default judgment final, on April 7, 1999.
According to Rule 55(c), Ala. R. Civ. P.:
"In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within 30 days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment."
The trial court did not set aside the entry of default before certifying the default judgment as final, nor did the court on its own motion set aside the judgment within 30 days after making that judgment final. Robinson's motion to set aside the default judgment was filed 83 days after the entry of the default judgment. Therefore, the trial court lost its discretion to set aside the judgment pursuant to Rule 55(c) at the end of the 30th day after the court made the default judgment final.
However, Robinson's motion to set aside the default judgment could be, and should have been, construed as a Rule 60(b) motion for relief from judgment. See Ala. R. Civ. P., comments to Rule 55(c) (Rule 60 becomes available when more than 30 days have passed since the entry of the judgment of default); Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988). Therefore, we will treat the July 6, 1999, order purporting to grant a Rule 55(c) motion to set aside a default judgment as, in fact, a ruling on a Rule 60(b) motion for relief from a judgment.

III.
In order for the trial court to properly grant Robinson's Rule 60(b) motion for relief from the default judgment, Robinson had to show not only one of the reasons for relief stated in Rule 60(b), but also that she has a meritorious defense to the complaint. See Sampson v. Cansler, 726 So.2d 632, 633 (Ala.1998)("Although Kirtland involved a Rule 55(c) motion to set aside a default judgment, we also apply the Kirtland analysis to Rule 60(b) motions to set aside default judgments."); DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala.1990); Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., supra.
In Kirtland, this Court held that a trial court, in ruling on a Rule 55(c) motion to set aside a default judgment, should not exercise its "discretionary authority under Rule 55(c) ... without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." 524 So.2d at 605. In DaLee, we stated that the defendant DaLee, seeking to set aside a default judgment, had to allege sufficient facts or produce enough evidence to counter the plaintiff's claims. *36 DaLee met this burden by attaching an affidavit and exhibits. We held that DaLee was not required to show that he would prevail on the merits of the plaintiff's claim, but to show that he was prepared to present a plausible defense. (However, this Court held that DaLee was not entitled to set aside the default judgment, because he had not proved one of the grounds stated in Rule 60(b)(1).) 561 So.2d at 1090-91. See also Sampson v. Cansler, supra; Rooney v. Southern Dependacare, Inc., 672 So.2d 1 (Ala.1995).
In Kirtland, this Court explained the "meritorious-defense" requirement:
"`[T]here should appear in the motion a clear and specific statement showing, not by conclusion, but by definite recitation of facts, that an injustice has been probably done by the judgment, in that the debt or demand was not owing; that there was a valid defense to it, and that on another trial there will in reasonable probability be a different result.'"
524 So.2d at 606 (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir.1969)). In her motion, Robinson alleges no facts. She claims merely: "Defendant has a meritorious defense to the claims asserted in the Complaint." Robinson, in her brief to this Court, claims that her meritorious defense is found in her codefendant's answer filed in January 1999. However, Robinson did not mention this fact in her motion, and she had no attachments and no supporting affidavits with her motion. The trial court did not conduct a hearing. Because this contentionthat Robinson has a meritorious defensewas not properly raised before the trial court, that court could not properly have considered it when deciding whether to set aside the default judgment.
In Fountain v. Permatile Concrete Products Co., 582 So.2d 1069 (Ala.1991), this Court held that the defendant Fountain's failure to recite specific facts in his motion to set aside a default judgment rendered the conclusory allegations in his motion "insufficient as a matter of law to satisfy the meritorious-defense element." Id. at 1072 (emphasis added). Likewise, Robinson failed to recite any specific facts to support her claim that she has a meritorious defense. This failure renders her claim of a meritorious defense insufficient as a matter of law to satisfy that element of the Kirtland evaluation.
The trial court held no hearing on Robinson's motion to set aside the default judgment. King was not given the opportunity to submit a brief in opposition to the motion. The trial court merely made a notation on the case action summary sheet stating that the default judgment against Robinson had been set aside. Nothing indicates that the trial court considered whether King would be unfairly prejudiced by a further delay that would be caused by setting aside the default judgment. Therefore, we must conclude that the trial court failed to consider the second Kirtland factor.
The third Kirtland factor the trial court must consider is "whether the default judgment was a result of the defendant's own culpable conduct." 524 So.2d at 605. According to the record, Robinson provided nothing to the trial court to indicate that the default judgment was not the result of Robinson's own culpable conduct. Robinson alleges in her motion that her attorney was not given notice that the plaintiff had moved for a default judgment and, therefore, that the default judgment could not be the result of her own culpability. However, Robinson provided no evidence to support this contention, and the record contradicts it. First, Robinson was aware that on August 17, 1998, her motion to dismiss was denied and that she was given 30 days to answer. She filed no answer within the 30 days. Second, although Robinson claims that her attorney was not notified that a motion for default judgment had been filed, the record before us contains a certificate of service indicating that he was given such notice. The trial court used the usual method of informing *37 attorneys of such hearings by faxing to Robinson's attorney a copy of the case action summary sheet noting the date and time of the hearing on the motion. In addition, after the default judgment was entered and made final, a copy of that judgment, with a cost bill, was sent to Robinson's attorney.
Robinson failed, as a matter of law, either to provide a meritorious defense or to show that the default judgment was not the result of her own culpability. Therefore, the trial court had no basis on which to exercise its discretion to grant her motion to set aside the default judgment.
Thus, we conclude that Robinson's motion to set aside the default judgment, taken as a Rule 60(b) motion, was not properly granted. Although Robinson claims that the "default judgment was entered as a result of inadvertence and excusable neglect" (see Rule 60(b)(1)), she did not provide a factual basis to support that claim. As we said in Ex parte American Resources Insurance Co., 663 So.2d 932, 936 (Ala.1995): "A party seeking relief must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule." In American Resources, this Court held that where the defendant did not provide evidence to support the Rule 60(b) motion, the trial court could not grant relief without abusing its discretion.
Because Robinson presented no grounds upon which Judge King could properly exercise his discretion to set aside the default judgment, we grant the petition for the writ of mandamus. Judge King is directed to vacate his order setting aside the default judgment and, thus, to reinstate the default judgment against Virginia Dare Robinson.
PETITION GRANTED; WRIT ISSUED.
MADDOX, HOUSTON, SEE, and BROWN, JJ., concur.
LYONS, J., concurs specially.
COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
LYONS, Justice (concurring specially).
The majority opinion fails to deal with Robinson's argument that the certificate issued pursuant to Rule 54(b), Ala. R. Civ. P., was defective and, therefore, that the default judgment was not final and thus was, pursuant to Rule 54(b), "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
In a line of cases beginning with Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996), the Court of Civil Appeals has required that any certificate pursuant to Rule 54(b) must contain a showing as to why it is necessary that appellate review of a particular judgment be conducted prior to adjudication of the entire case. This Court has addressed this issue only in broader terms by stating that the Rule 54(b) certificate should not be given routinely or as a courtesy or accommodation to counsel; the availability of that certification of finality should be confined to the exceptional case. Foster v. Greer & Sons, 446 So.2d 605 (Ala.1984), overruled on other grounds, Ex parte Andrews, 520 So.2d 507 (Ala.1987). Under Foster, the appellate court may remand a case if the appeal is from a nonfinal order, when the defect is noticed, so as to allow the trial court to determine whether it chooses to certify the order as final and, if so, to enter an order pursuant to Rule 54(b) and to supplement the record to reflect that certification. Id. at 609.
This issue is significant because if the judgment is to be treated as nonfinal by reason of a defective certificate pursuant to Rule 54(b), it is subject to revision under standards other than those applicable to proceedings under Rule 55 or Rule 60. This Court has described the trial court's authority to set aside an interlocutory default judgment that is "subject to revision at any time" under Rule 54(b), as *38 being "within the plenary power ... to afford relief ... as justice requires." Hallman v. Marion Corp., 411 So.2d 130 (Ala.1982).
A Rule 54(b) certification of finality, entered on the motion of a losing party,[1] enables that party to secure an immediate appellate review, without the burden of proceeding through protracted and unnecessary litigation in the event the judgment is due to be reversed. On the other hand, such a certification entered on the motion of the prevailing party[2] is, as a practical matter, a device used to remove the prospect that the trial court might revise the underlying order "at any time" under the trial court's plenary power to do so. This latter circumstance is the situation here presented.
The Rule 54(b) certification in this case plainly lacks any explanation justifying its issuance. King counters Robinson's contention that the certificate is defective by asserting that Robinson should have appealed from the order purportedly made final by the Rule 54(b) certification and, in that appeal, raised the issue whether the certificate was proper. That course would put Robinson in the anomalous position of taking an appeal solely for the purpose of seeking an appellate determination that she had no right to appeal. I would hold that Robinson, if she considered the Rule 54(b) certification to be defective, had a remedy available, by timely filing a petition for a writ of mandamus directing the trial judge to set aside the Rule 54(b) certification, possibly as an alternative remedy sought at the same time an appeal is taken from the order purportedly made final by the Rule 54(b) certification. By that petition, she could seek a writ of mandamus that is based on a determination that the trial court abused its discretion in issuing the certification. Under the circumstances here presented, the timeliness of such a petition for the writ of mandamus should be measured by the time allowed for appealing from the order to which the Rule 54(b) certification relates. See Evans v. Insurance Co. of North America, 349 So.2d 1099 (Ala.1977) (recognizing the 42 days within which to appeal from a judgment in a civil case pursuant to Rule 4(a), Ala. R.App. P., as a benchmark for measuring the time allowed for filing a mandamus petition). Because Robinson did not appeal or file a mandamus petition within that time, it is too late for her to attack the Rule 54(b) certification in this proceeding.[3]
COOK, Justice (dissenting).
The majority issues a writ of mandamus directing Jefferson Circuit Judge Dan C. King to vacate his order setting aside a default judgment entered against Virginia Dare Robinson awarding $10,000 in compensatory damages and $50,000 in punitive damages, and directing him to reinstate the default judgment. It does so because the record does not affirmatively show that Robinson has a "meritorious defense" and that the "default judgment was not the result of her own culpability." 776 So.2d *39 at 37. Indeed, it does so because of the absence of facts. I respectfully dissent.
"It is well established that the decision to grant ... relief pursuant to a Rule 60(b)[, Ala. R. Civ. P.,] motion is discretionary with the trial court." DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1089 (Ala.1990). (Emphasis added.) "Discretion" is defined as the "power of free decision or latitude of choice within certain legal bounds." Merriam Webster's Collegiate Dictionary (10th ed.1997) (emphasis added). Thus, by definition, the "discretionary" standard of review affords the trial court considerable leeway in the decision-making process. Consistent therewith, this Court cannot compel the trial court to exercise its discretion in a particular manner, in the absence of facts demonstrating clear error. Three Coast Carriers, Inc. v. Ford Motor Credit Co., 607 So.2d 169 (Ala.1992).
Moreover, in exercising its discretion on the question whether to grant relief from a default judgment, the trial court is guided by the following presumptions:
"First, when exercising discretionary authority [in this class of case], a trial judge should start with the presumption that cases should be decided on the merits whenever practicable.... The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court's use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment....
Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala.1988) (emphasis added).
"[B]alancing the equities of each case is a duty that lies within the domain of the trial court. On review, a trial court's decisions should be looked upon with great deference, because, as Professor Wright states: the trial judge `is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties.'"
Kirtland, 524 So.2d at 608 (quoting 10 C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure: Civil, § 2693 (2d ed.1983)). The majority essentially reverses these presumptions.
At first glance, the cases cited by the majority appear to support its position. That appearance, however, is illusory. In some of those cases, the trial court refused to set aside a default judgment and this Court found no abuse of discretion. Fountain v. Permatile Concrete Prods. Co., 582 So.2d 1069 (Ala.1991); DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1089 (Ala. 1990); see Appalachian Stove & Fabricators, Inc. v. Roberts, 544 So.2d 893 (Ala. 1989). In some cases, this Court found an abuse of discretion in refusing to grant a motion. Sampson v. Cansler, 726 So.2d 632 (Ala.1998); Rooney v. Southern Dependacare, Inc., 672 So.2d 1 (Ala.1995). In another case, this Court found no abuse of discretion in the trial court's granting a motion to set aside a default judgment. Hallman v. Marion Corp., 411 So.2d 130 (Ala.1982).
But this case is the converse of those cases, for the trial judge set aside the judgment. It is one thing to hold that the trial court did not abuse its discretion in refusing to grant a motion for relief from judgment, where the motion does not set forth facts demonstrating that the movant has a "meritorious defense." But it is quite another matter to holdas the majority does todaythat the trial court abused its discretion in granting a motion to set aside the default judgment.
It is the absence of facts that the majority cites as the rationale for its order to reinstate the default judgment. But how can this Court hold that the trial judge abused his discretion, in the absence of *40 facts showing that the exercise of discretion was clearly erroneous? In other words, the very rationale upon which the validity of the majority opinion depends negates that validity.
The one case cited by the majority that is postured somewhat similarly to this one is Ex parte American Resources Insurance Co., 663 So.2d 932 (Ala.1995). There, this Court issued a writ of mandamus directing the reinstatement of a default judgment that had been set aside by the trial court. 663 So.2d at 936-37. Even that case is distinguishable. In that case, the trial court set aside its default judgment only after conducting a hearing on the Rule 60(b) motion for relief from judgment. Id. at 935. Thus, even after the hearing, the record failed to reflect evidence justifying relief from judgment pursuant to Rule 60(b). Id. at 936.
The only sense in which the trial court abused its discretion in this case thus far was in granting Robinson's motion without a hearing, a hearing during which it could have received evidence on the issues of concern to the majority. Had it done so and had Robinson then failed to produce evidence of a meritorious defense, this case would be in the same posture as Ex parte American Resources Insurance Co. As it is, however, I cannot justify reinstating the default judgment on the basis of nonexistent facts. Consequently, I respectfully dissent.
ENGLAND, Justice (dissenting).
I join Justice Cook's dissent because, while I believe this Court should issue a writ of mandamus, I would not order the reinstatement of the default judgment. Instead, I would issue a writ requiring the trial judge to hold a hearing on Robinson's motion to set aside the default judgment.
NOTES
[1] For example, if a defendant seeks a summary judgment on two claims and receives a favorable ruling on one of them, the plaintiff might want an immediate review of the adverse determination, with a stay of the proceedings on the remaining claim.
[2] For example, a defendant who is sued with other defendants and who obtains a summary judgment as to all claims against that defendant might want a certification of finality that would permit that defendant to disregard further proceedings as to the remaining defendants.
[3] I do not intend by this writing to suggest approval or disapproval of the rule applied in Brown v. Whitaker Contracting Corp., and the cases following it, imposing a requirement that the trial judge, in a Rule 54(b) certification of finality, list factors to support immediate appealability. Because this issue may never reach this Court in an adversarial proceeding, I consider it an appropriate topic for the Standing Committee on the Alabama Rules of Civil Procedure to consider. Such a requirement, if the committee and this Court deem it appropriate, could be plainly expressed in Rule 54(b), thereby eliminating a trap for the unwary.