In reversing, we are further eroding the formal requirements for the entry of a final Rule 54(b) judgment. In this case, the summary judgment neither recited nor explained that "there is no just reason for delay." Thus it was merely interlocutory and subject to revision, as the trial judge revised it. We should affirm.
The purpose of the formal requirements is to ensure that the trial judge has considered and has found the criteria for the entry of a final Rule 54(b) judgment. See 10 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure:Civil 2d § 2659 at 114. See also Justice Lyons's special concurrence in Ex parte King, 776 So.2d 31, 37 (Ala. 2000), and Precision American Corp. v. Leasing Serve Corp., 505 So.2d 380
(Ala. 1987). In Brown v. Whitaker Contracting Corp., 681 So.2d 226,229 (Ala.Civ.App. 1996), the Court of Civil Appeals explains:
 "Appellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b), only in a case where the failure to do so might have a harsh effect. 10 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2659, at 99. Consequently, a party who seeks immediate appellate review of a judgment which does not adjudicate all of the claims and/or all of the parties must make a showing as to why it is necessary that appellate review of that particular judgment be conducted prior to adjudication of the entire case. 10 C. Wright et al., Federal Practice and Procedure: Civil 2d § 2659, at 100.
 "In addition, the trial court, in its order, should list the factors which it considered in reaching its decision regarding whether to certify the judgment, pursuant to Rule 54(b), in order that the appellate court is better equipped to review the trial court's action. 10 C. Wright et al., Federal Practice and Procedure: Civil 2d § 2659, at 114.
 "Stated another way, in making the determination as to whether a judgment *Page 757 
should be certified under Rule 54(b), the trial court should consider any factor that is relevant to that particular case and should list the factors considered in making its determination. The trial court should consider all factors, in addition to the fact that multiple parties and/or multiple claims were involved, that there has been a final decision as to one of the claims and/or the rights and responsibilities of one of the parties, and that there is `no just reason for delay.' The trial court should indicate why it considers that there is `no just reason for delay.' Hereafter, if a trial court should fail to list the factors considered, then the case will be returned so that the trial court can list those factors."
(Emphasis added.)
Rule 54(b) is clear, sensible, and easy. Why not follow it?