Charles King, as administrator c.t.a., petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order setting aside a default judgment against Virginia Dare King Robinson. The circuit court's order was issued after this Court, on an earlier review of this case, granted King's petition for a writ of mandamus and issued the writ directing the circuit court to vacate its order setting aside the default judgment and to reinstate the default judgment against Robinson. See generally Ex parte King, 776 So.2d 31 (Ala. 2000) ("KingI"). Because we hold that our previous disposition of the case was, in substance, a final adjudication that left the trial court without jurisdiction to entertain the action beyond complying with our directions in King I, we grant the petition and issue the writ. The relevant procedural history, as set forth in King I, is as follows:
 "King filed a lawsuit in January 1998, stating claims based on theories of *Page 207 
 conversion, money had and received, legal malpractice, felonious injury, and conspiracy. The defendants, Virginia Dare Robinson; William G. Vietch; and Robinson's children, Deborah Crafts and Carl Beckman, moved in May 1998 to dismiss the complaint. The motion to dismiss was denied on August 17, 1998, and the defendants were given 30 days to file their answers. The defendants Virginia Dare Robinson and William G. Vietch did not file answers within the 30 days.
 "In January 1999, Charles King moved for a default judgment against both Vietch and Robinson. Attached to his motion was the required certificate of service by which King certified that he had served both Vietch and Robinson through their attorney, Ralph Armstrong. Vietch filed a pro se answer to the complaint on the same day the default-judgment motion was served, but Robinson did not answer at all. The hearing on the default-judgment motion was set for March 19, 1999. Robinson's attorney was notified of the hearing by a fax communication sent by Judge [Dan C.] King; this was the usual method for giving notice of such hearings in Judge King's court. In a letter dated March 9, 1999, Charles King's attorney wrote Ralph Armstrong, asking Armstrong if he still represented Vietch; he asked, he said, because Vietch had filed a pro se answer, but nothing further. This letter also reminded Armstrong of the March 19th hearing.
 "Neither Robinson nor Armstrong, her attorney, appeared at the March 19, 1999, hearing, and the trial court entered a default judgment in favor of Charles King on April 7, 1999, and in that judgment made a certification under Rule 54(b), Ala.R.Civ.P., to make that judgment final. The case action summary sheet reflects that a copy of the default judgment was sent to the attorneys involved in the case, and a copy went to Ralph Armstrong, along with a cost bill. Robinson filed a motion to set aside the default judgment on June 29, 1999 — 83 days after the default judgment had been entered and made final. Robinson's motion was granted, without a hearing, on July 6, 1999."
776 So.2d at 33.
In King I, King had petitioned this Court for a writ of mandamus directing the trial court to vacate its order setting aside the default judgment against Robinson. We construed Robinson's motion to set aside the default judgment as a Rule 60(b), Ala.R.Civ.P., motion for relief from judgment because Robinson's motion had been filed outside the Rule 55(c), Ala.R.Civ.P., 30-day period for challenging default judgments.King I, 776 So.2d at 35. We then reviewed the merits of the trial court's order under the applicable Rule 60(b) standard and held that "the trial court had no basis on which to exercise its discretion" to set aside the default judgment. 776 So.2d at 37. In conclusion, we stated:
 "Because Robinson presented no grounds upon which Judge King could properly exercise his discretion to set aside the default judgment, we grant the petition for the writ of mandamus. Judge King is directed to vacate his order setting aside the default judgment and, thus, to reinstate the default judgment against Virginia Dare Robinson."
Id. On April 11, 2000, the trial court reinstated the default judgment in accordance with our direction in King I.
On July 14, 2000, Robinson again attacked the default judgment, filing a motion entitled an "Amendment and Renewed Motion to Set Aside Default Judgment." The trial court granted the motion as to *Page 208 
the punitive-damages portion of the judgment, finding that Robinson had satisfied her burden under Kirtland v. Fort Morgan Authority SewerService, Inc., 524 So.2d 600 (Ala. 1988), which established the standard for determining whether to grant or to deny a motion to set aside a default judgment. King then filed this petition, seeking, once again, a writ directing the trial court to vacate its second order setting aside the default judgment.
 Discussion
King contends that, because of our holding in King I, the trial court lacked jurisdiction to entertain a second Rule 60(b) motion because that holding was, in effect, a final adjudication and precluded any further entertainment of the action by the trial court. We agree.
We first observe that a petition for a writ of mandamus is the proper method for bringing before this Court the question whether a trial court, after remand, has complied with the mandate of this Court. Exparte Brown, 562 So.2d 485, 487 (Ala. 1990). As we stated in Ex parteEdwards, 727 So.2d 792 (Ala. 1998):
 "[A] petition for a writ of mandamus is the proper method for seeking to have a trial court vacate an order that it had no power to enter. Great Atlantic Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala. 1979). A writ of mandamus is an extraordinary remedy, however, that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner. Ex parte Rollins, 495 So.2d 636
(Ala. 1986). The petitioner must demonstrate the following: `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Adams, 514 So.2d 845, 850 (Ala. 1987)."
727 So.2d at 794.
With respect to a trial court's duty on remand, we have said:
 "It is well established that on remand the issues decided by an appellate court become the `law of the case,' and that the trial court must comply with the appellate court's mandate. Walker v. Carolina Mills Lumber Co., 441 So.2d 980 (Ala.Civ.App. 1983). See also Erbe v. Eady, 447 So.2d 778 (Ala.Civ.App. 1984). The trial court's duty is to comply with the mandate `according to its true intent and meaning,' as determined by the directions given by the reviewing court. Ex parte Alabama Power Co., 431 So.2d 151
(Ala. 1983)."
Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989). The question in the present case is whether this Court's mandate to the trial court in King I
— to vacate its order setting aside the default judgment and, thus, to reinstate the default judgment against Robinson — precluded the trial court from considering Robinson's second Rule 60(b) motion seeking relief from the default judgment.
Whether the trial court had the power to revisit the default judgment in this case depends upon whether our mandate in King I was a final adjudication. In Ex parte Insurance Co. of North America, 523 So.2d 1064
(Ala. 1988), the trial court had allowed Citizensbank of Thomasville to amend pleadings relating to a claim as to which this Court had previously held the Insurance Company of North America was entitled to a directed verdict. The Insurance Company of North America then petitioned this Court for a writ of mandamus compelling the trial court to vacate its order allowing the amendments to the pleadings. We concluded that our previous order was a "final adjudication" of that *Page 209 
claim and that it precluded the trial court from allowing the pleadings to be amended. 523 So.2d at 1068.
The dispositive question in the present case is whether our issuance of the writ of mandamus in King I directing the trial court to vacate its order granting Robinson's Rule 60(b) motion was a "final adjudication." First, we note that although the denial of a petition for a writ of mandamus does not have res judicata effect, the grant of the writ becomes the law of the case. See Ex parte Insurance Co. of North America, supra. Therefore, in the absence of changed circumstances resulting from subsequent events, relitigation of a previously determined issue is contrary to the mandate of King I.
Furthermore, the denial of a Rule 60(b) motion is an appealable order.See, e.g., Ex parte Dowling, 477 So.2d 400, 403-04 (Ala. 1985). "Unless otherwise provided by law, appeals lie only from final orders or judgments." Wolf v. Smith, 414 So.2d 129, 130 (Ala.Civ.App. 1982). It follows, then, that the denial of a Rule 60(b) motion, because it is appealable, is a final order. Logic dictates that an appellate mandate requiring a trial court to deny a Rule 60(b) motion is equally as final as an appellate mandate requiring the entry of a directed verdict. Therefore, we conclude that our reasoning in Insurance Company of NorthAmerica applies to this case.
Accordingly, we hold that our issuance of the writ of mandamus in KingI directing the trial court to vacate its order, entered in response to Robinson's Rule 60(b) motion, setting aside the default judgment was a final adjudication and, therefore, the trial court was precluded from revisiting the default judgment. Consequently, we grant King's petition and issue the writ directing the trial court to vacate its order setting aside the default judgment against Robinson as to punitive damages, and to reinstate the default judgment.
PETITION GRANTED; WRIT ISSUED.
Houston, Lyons, Harwood, Woodall, and Stuart, JJ., concur.
See, J., concurs in the result.
Moore, C.J., dissents.