I dissent from the majority's opinion in this case because I am not convinced that this Court's decision in the first case, Ex parte King,776 So.2d 31 (Ala. 2000) ("King I"), stripped the trial court of its discretion ever again in that case to consider a motion to set aside the default judgment. Because Robinson presented no grounds on which the trial court could, in a proper exercise of its discretion, set aside the default judgment, this Court in King I issued the writ of mandamus. Specifically, the Court directed Judge King to "vacate his order setting aside the default judgment and, thus, to reinstate the default judgmentagainst Virginia Dare Robinson." 776 So.2d at 37 (emphasis added).
I do not agree that this Court's decision in King I amounted to what the majority opinion in this case characterizes as an "appellate mandate requiring a trial court to deny a Rule 60(b) motion." 821 So.2d at 209. I believe it significant that in King I this Court merely ordered the trial court to reinstate the former default judgment. This Court never said inKing I that the issuance of the writ of mandamus constituted a "denial" of the Rule 60(b) motion. I believe this omission is significant because it is only when a Rule 60(b) motion is denied that the trial court thereafter lacks the jurisdiction to consider a subsequent Rule 60(b) motion. See, e.g., Ex parte Jordan, 779 So.2d 183, 184 (Ala. 2000) ("This Court has held that `[a] trial court does not have the jurisdiction to entertain *Page 210 
a motion to reconsider the denial of a Rule 60(b), [Ala.R.Civ.P.], motion.'") (quoting Ex parte Vaughan, 529 So.2d 1060, 1061 (Ala. 1989)).
The Court in King I ordered the default judgment reinstated; the only effect of that order was to place the parties in the position they occupied before there was a decision on Robinson's first Rule 60(b) motion. Upon reinstating the default judgment, the trial court was then free to entertain a Rule 60(b) motion. This Court in King I did not vicariously "deny" the Rule 60(b) motion (which would preclude the consideration of subsequent Rule 60(b) motions); this Court merely returned the parties to their respective pre-ruling positions. At that point, Robinson was free to file a Rule 60(b) motion, and the trial court was free to grant the motion or to deny it.
I believe the trial court, on remand, properly exercised its discretion in granting Robinson's Rule 60(b) motion as to punitive damages. Therefore, I must dissent.