Herbert Soto ("the father") and Kim Feria ("the mother") were divorced by a September 15, 1992, judgment of the Eleventh Judicial Circuit in and for Dade County, Florida (hereinafter "the divorce judgment"). One child was born of the parties' marriage; the child was almost five months old at the time of the parties' divorce. Pursuant to the divorce judgment, the mother was awarded physical custody of the child and the father was awarded liberal visitation with the child. The court ordered the father to pay child support in the amount of $49.09 per week.
In or around 2000, the father relocated to Montgomery, Alabama. Approximately five years after the father had moved to Montgomery, the mother contacted the father and requested that the father take custody of the child. The mother, who was involved in a physically abusive relationship, requested that the father take custody of the child after the child had been victimized by the mother's abusive boyfriend.[1] The father agreed to the mother's request, and in November 2005 the child moved to Alabama to live with the father. After the child moved to Alabama, the mother had no physical or telephone contact with the child, and she did *Page 420 
not pay child support for the benefit of the child.
On May 9, 2006, the father filed a petition in the Montgomery Circuit Court (hereinafter "the trial court") to modify the divorce judgment, alleging that the circumstances necessitated a change in custody and that it would be in the best interest of the child if the father were awarded primary physical custody. The father asked the trial court to assume jurisdiction of the action. The mother was successfully served with process, but she did not file an answer to the father's petition.
On December 6, 2006, the trial court conducted an ore tenus hearing on the father's modification petition. The mother, who had received notice of the hearing, was not present or represented by counsel at the hearing. On December 7, 2006, the trial court entered an order awarding the father "sole custody" of the child and ordering the mother to pay child support.
The mother filed a timely motion to vacate the trial court's December 7, 2006, judgment, arguing that the trial court did not have subject-matter jurisdiction to modify the Florida court's September 15, 1992, divorce judgment and, therefore, that its December 7, 2006, judgment was void. In her motion, the mother, citing § 30-3B-202 and § 30-3B-203 of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, asserted that the Florida court had continuing exclusive jurisdiction over the custody of the child. Following a hearing on the motion to vacate, the trial court entered an order on April 30, 2007, denying the mother's motion. In its order, the trial court found that it had temporary emergency jurisdiction pursuant to § 30-3B-204, Ala. Code 1975, of the UCCJEA. In so finding, the trial court stated:
 "There is no evidence that the likelihood of harm to the minor child has been or would be avoided should this Court's order of December 7, 2006, be vacated and custody revert to the [mother]. In addition, [the mother] does not object to the child continuing to reside in the physical custody of his father as she made no request at any time that the child return to live with her. She only objected to this Court taking subject matter jurisdiction after she received the December 2006 order which required her to pay child support. . . .
 "Therefore, it is presumed by this Court that the minor child is still in need of protection from [the mother] and her boyfriend(s). This continued need for protection placed the minor child in a state of emergency governed by [§ 30-3B-204, Ala. Code 1975]."
The mother timely appealed.
Our standard of review is as follows:
 "It is well settled that when a trial court receives ore tenus evidence in a child-custody-modification proceeding and bases its judgment on its findings of fact, that judgment will not be reversed absent an abuse of discretion or a showing that the findings are plainly and palpably wrong. Smith v. Smith, 865 So.2d 1207, 1209 (Ala.Civ.App. 2003). See also West v. Rambo, 786 So.2d 1138, 1140
(Ala.Civ.App. 2000). A judgment based on ore tenus evidence is presumed to be correct and will be affirmed if supported by competent evidence. N.G. v. L.A., 790 So.2d 262, 265 (Ala.Civ.App. 2001). The trial court's opportunity to observe witnesses is especially important in child-custody cases because the trial court is in the unique position to directly observe the witnesses and to assess their demeanor and credibility. Fell v. Fell, 869 So.2d 486, 494
(Ala.Civ.App. 2003). *Page 421 
However, when this court is presented with an issue of law, we review the judgment of the trial court de novo, without affording it any presumption of correctness. See Barber v. Moore 897 So.2d 1150, 1153 (Ala.Civ.App. 2004)."
Patrick v. Williams, 952 So.2d 1131, 1137-38
(Ala.Civ.App. 2006).
The mother contends on appeal that the trial court did not have subject-matter jurisdiction pursuant to the UCCJEA to enter a custody order regarding the parties' child. The UCCJEA establishes the criteria for deciding which state's courts have subject-matter jurisdiction to make a child-custody decision in an interstate custody dispute. The UCCJEA provides that a court of this state has jurisdiction to modify a custody determination of a court of another state only if the Alabama court has jurisdiction to make an initial determination under § 30-3B-201(a)(1) or (2) and
 "(1) The court of the other state determines that it no longer has continuing, exclusive jurisdiction under Section 30-3B-202 or that a court of this state would be a more convenient forum under Section 30-3B-207; or
 "(2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state."
§ 30-3B-203, Ala. Code 1975.
It is undisputed in this case that the Florida court made an initial custody determination in September 1992 when it awarded the mother primary physical custody of the child. It is further undisputed that the mother continued to reside in Florida at the time the father filed his modification petition. There is no indication in the record that the Florida court made a determination that it no longer had continuing exclusive jurisdiction or that the trial court would be a more convenient forum. The record contains only the September 1992 divorce judgment of the Florida court and no other order in which the Florida court addressed issues pertaining to the custody of the child. Therefore, the trial court did not have jurisdiction pursuant to § 30-3B-203 to enter a custody order regarding the child.
We now address whether the trial court properly exercised temporary emergency jurisdiction in this case. Section 30-3B-204, Ala. Code 1975, addresses the issue of temporary emergency jurisdiction and provides, in part:
 "(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.
 "(b) If there is no previous child custody determination that is entitled to be enforced under this chapter and a child custody proceeding has not been commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, a child custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, a child custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child." *Page 422 
The undisputed evidence presented to the trial court revealed that, at the time the mother sent the child to live with the father in Montgomery, she was in an abusive relationship with a man who not only abused her, but who had also abused the child. At the hearing on the motion to vacate, counsel for the mother did not represent to the court that the mother was no longer involved in a relationship with her abusive boyfriend. The record does not indicate that the mother's circumstances at the time she sent the child to live with the father had changed in any way. In light of the mother's failure to produce evidence that the child would no longer be exposed to potential abuse by her boyfriend, the trial court did not exceed its discretion when it concluded from the evidence presented, or the lack thereof, that the threat of mistreatment or abuse of the child continued to exist. Therefore, the trial court properly exercised temporary emergency jurisdiction in the instant case.
The mother further contends on appeal that even if the trial court properly exercised temporary emergency jurisdiction in this case, it failed to comply with § 30-3B-204(c) and § 30-3B-204(d) when it entered its April 30, 2007, order finding that it had temporary emergency jurisdiction in the custody dispute. Section 30-3B-204(c), Ala. Code 1975, provides:
 "(c) If there is a previous child custody determination that is entitled to be enforced under this chapter, or a child custody proceeding has been commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 30-3B-201 through 30-3B-203. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires."
(Emphasis added.) Subsection (d) of § 30-3B-204 provides as follows:
 "(d) A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to Sections 30-3B-201
through 30-3B-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order."
(Emphasis added.)
A custody determination made under the emergency jurisdiction provisions of § 30-3B-204 is a temporary order.See Official Comment, § 30-3B-204, Ala. Code 1975. As such, any order entered by a trial court exercising jurisdiction pursuant to § 30-3B-204 must be limited in duration. In its April 30, 2007, order exercising temporary emergency jurisdiction in this case, the trial court failed to specify a period of time in which the father would have to return to Florida — the state with continuing exclusive jurisdiction over the parties' custody dispute pursuant to § 30-3B-202" to seek a modification of the *Page 423 
Florida court's September 1992 divorce judgment. Therefore, we conclude that the trial court's April 30, 2007, order does not comply with § 30-3B-204(c).
Further, the record does not reveal that the trial court communicated with the Florida court before entering its April 30, 2007, order. Section 30-3B-204(d) requires a court of this state, when asked to exercise emergency jurisdiction, to communicate with a court of another state that has jurisdiction under § 30-3B-201 through § 30-3B-203. Not including communication between the courts on schedules, calendars, court records, and similar matters, see § 30-3B-110(c), Ala. Code 1975, any communications between the trial court and a court of another state under the UCCJEA must be recorded, and the parties must be informed promptly of the communication and granted access to the record of that communication. § 30-3B-110(d), Ala. Code 1975. For the purposes of the UCCJEA, "record" is defined as "information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form." § 30-3B-110(e), Ala. Code 1975. Because the record contains no evidence indicating that the trial court communicated with the Florida court before exercising emergency jurisdiction, we must conclude that the trial court failed to satisfy the requirements of § 30-3B-204(d).
Accordingly, we affirm the judgment of the trial court insofar as it exercised temporary emergency jurisdiction in this case, but we reverse the judgment based on the trial court's failure to comply with § 30-3B-204(c) and § 30-3B-204(d) of the UCCJEA. On remand, the trial court should communicate with the Florida court "to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order." § 30-3B-204(d), Ala. Code 1975. After communicating with the Florida court, the trial court should make a record of the communication and enter an amended order limiting the duration of its temporary emergency jurisdiction. If, after the trial court has communicated with it, the Florida court decides that Alabama is a more convenient forum and wishes to waive its jurisdiction, the trial court can make a permanent custody determination.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] It is unclear from the record if the child sustained any injuries as a result of the abuse.