THOMPSON, Presiding Judge.
On December 10, 2007, the Coffee Juvenile Court dismissed C.B. and L.K’s petition for custody of their niece (“the child”) in case number CS-07-11. C.B. and L.K. filed a notice of appeal to the Coffee Circuit Court, case number DR-07-79, on December 12, 2007. The appeal was transferred to this court from the circuit court on January 25, 2008, pursuant to Rule 28(D), Ala. R. Juv. P.,[1] upon the circuit court’s determination that the record was *490 adequate for an appeal to this court pursuant to Rule 28(A), Ala. R. Juv. P.[2]
The record on appeal shows that B.B. (“the father”) and R.L.B. (“the mother”) were divorced by a September 1, 1998, judgment of the Chancery Court of Harrison County, Mississippi (“the Mississippi court”). Two daughters were born of the marriage, the child, who was 4 years old at the time of the divorce, and her sister, who was 1 year old at the time of the divorce. The settlement agreement, which was incorporated by the Mississippi court into the divorce judgment, provided that the mother and the father were to share joint legal custody of the children and that the father was to have primary physical custody of the children.
The pleadings in the record on appeal indicate that C.B. and L.K., the child’s paternal uncle and aunt, filed a petition with the Coffee Juvenile Court (“the juvenile court”) seeking custody of the child in 2005 or 2006; that action was assigned case number CS-06-01. Although no documentation regarding that action appears in the record on appeal, C.B. and L.K. maintain in their brief on appeal that an October 27, 2005, order in that action granted them pendente lite custody of the child. It is undisputed that the juvenile court dismissed case number CS-06-01 on March 1, 2007; however, the record does not reveal why. It is apparent that C.B. and L.K. did not appeal from the dismissal of that action.
On April 10, 2007, the father filed a petition with the Mississippi court, purportedly for a writ of habeas corpus, alleging that he had been granted custody of the child by the Mississippi court pursuant to the 1998 divorce judgment and that C.B. and L.K. had illegally detained the child and withheld custody from him. The Mississippi court issued the writ on April 12, 2007, and ordered C.B. and L.K. “to produce [the child] ... alleged to be illegally detained ... and appear before [the Mississippi court] on the 9th day of May, 2007, ... and show cause why custody of said child should not be returned to [the father].”
On April 16, 2007, C.B. and L.K. filed another petition for custody with the juvenile court; that action was assigned case number CS-07-11. C.B. and L.K. alleged in their petition that the father had left the child in their care on July 28, 2005, and that he had maintained only limited contact with the child since that date. As a result, they contended, the father had abandoned the child. C.B. and L.K. sought custody of the child, alleging that the child, who was approximately 14 years old at that time, remained in their care, had been enrolled in a residential military academy in Florida, was doing well academically, and wanted to remain enrolled in the academy. According to C.B. and L.K., the father had threatened to remove the child from the academy when case number CS-06-01 was dismissed. So far as the record discloses, the father has resided in Mississippi at all times relevant to this appeal.[3]
With théir April 16, 2007, petition for custody, C.B. and L.K. filed a document *491 recording the mother’s agreement that they should have custody of the child. They also moved for an order granting them pendente lite custody of the child pending a resolution of then* petition. On May 4, 2007, the Mississippi court issued a second wilt directing C.B. and L.K. to produce the child and to appear at a hearing before that court.
On May 7, 2007, the father filed a motion with the juvenile court to dismiss case number CS-07-11. The father argued that the juvenile court did not have jurisdiction to determine custody of the child because, according to the father, when case number CS-06-01 was dismissed and he filed his petition for a writ of habeas corpus with the Mississippi court, the Mississippi court obtained jurisdiction over issues related to the custody of the child. C.B. and L.K. maintained that they had filed a postjudgment motion in case number CS-06-01 on March 28, 2007, and that, therefore, issues related to the custody of the child remained pending in that action at the time the father filed his April 10, 2007, petition with the Mississippi court. Therefore, according to C.B. and L.K., the Mississippi court did not obtain jurisdiction over the child.
On July 25, 2007, the juvenile court granted C.B. and L.K. pendente lite custody of the child and set the father’s motion to dismiss for a hearing. On December 10, 2007, the juvenile court entered an order dismissing case number CS-07-11, finding that it did not have jurisdiction over the action. C.B. and L.K. appealed the decision to the circuit court, see Rule 28(B), Ala. R. Juv. P., and filed a petition for pendente lite custody of the child in that court. In that petition, C.B. and L.K. alleged that the child resided with them and was, at that time, enrolled in public school in the City of Elba. The circuit court transferred the appeal to this court pursuant to Rule 28(A) and (D), Ala. R. Juv. P. In dicta in its order transferring the appeal, the circuit court referenced § 30-3B-203 of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-3B-101 to § 30-3B-405, Ala.Code 1975, as a basis upon which to uphold the juvenile court’s determination.
On appeal, C.B. and L.K. argue that the juvenile court erred in dismissing their petition in case number CS-07-11. They argue that they did not seek a modification of the 1998 divorce judgment entered by the Mississippi court and, therefore, that the Mississippi court did not have jurisdiction under § 30-3B-203 of the UCCJEA. They argue instead that the juvenile court had jurisdiction over their petition for custody under § 30-3B-201(a)(l) and § 30-3B-202(a) of the UCCJEA.
When this court is presented with a question of law in a child-custody case, we review the judgment of the trial, court de novo, without affording it any presumption of correctness. See, e.g., Patrick v. Williams, 952 So.2d 1131, 1138 (Ala.Civ.App.2006), and Barber v. Moore, 897 So.2d 1150, 1153 (Ala.Civ.App.2004).
“The UCCJEA establishes the criteria for deciding which state’s courts have subject-matter jurisdiction to make a child-custody decision in an interstate custody dispute.” Feria v. Soto, 990 So.2d 418, 421 (Ala.Civ.App.2008). The UCCJEA, § 30-3B-102(3), Ala.Code 1975, defines “child custody determination” as “[a] judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child.” The UCCJEA, § 30-3B-102(8), Ala.Code 1975, defines an “initial determination” as “[t]he first child custody determination concerning a particular child.”
The record shows that the Mississippi court made an initial determination, *492 the first child-custody determination concerning the child, in 1998 when it awarded the father physical custody of the child as part of the mother and the father’s divorce judgment. The UCCJEA prohibits any Alabama court from modifying an initial child-custody determination made by a court of another state unless the Alabama court has jurisdiction to make an initial determination under § 30-3B-201(a)(l) or (2), and:
“(1) The court of the other state determines it no longer has continuing, exclusive jurisdiction under Section 30-3B-202 or that a court of this state would be a more convenient forum under Section 30-3B-207; or
“(2) A court of this state or a court of the other state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in the other state.”
§ 30-3B-203, Ala.Code 1975. Accordingly, pursuant to the UCCJEA, the Mississippi court retains exclusive jurisdiction over issues relating to the custody of the child until specific circumstances occur, and, absent emergency situations not present here,[4] Alabama courts may not interfere with that jurisdiction.
The parties do not dispute that the father resides in Mississippi. Furthermore, the record does not show that the Mississippi court determined that it no longer had continuing, exclusive jurisdiction over the child. Indeed, the record shows that the Mississippi court exercised its jurisdiction over the child when it issued the writs directing C.B. and L.K. to produce the child and to appear at a hearing regarding custody. Accordingly, based on the facts and pleadings in the record on appeal, it is apparent that the Mississippi court had continuing jurisdiction to determine issues relating to custody of the child. Therefore, under the UCCJEA, the juvenile court lacked jurisdiction to rule on C.B. and L.K.’s petition for custody of the child. See § 30-3B-203, Ala.Code 1975; Feria v. Soto, 990 So.2d at 421.
C.B. and L.K. argue on appeal that the juvenile court had jurisdiction over their petition for custody under § 30-3B-201(a)(1) and § 30-3B-202(a) of the UC-CJEA. Section 30-3B-201(a)(1) provides that an Alabama court “has jurisdiction to make an initial child custody determination ” if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.”
(Emphasis added.) Section 30-3B-202(a) provides that an Alabama court that makes an initial custody determination under § 30-3B-201 or modifies a custody determination in compliance with § 30-3B-203, has continuing, exclusive, jurisdiction over issues relating to custody of the child until:
“(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
“(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person act *493 ing as a parent do not presently reside in this state.”
According to C.B. and L.K., because the child had resided with them in Alabama for six months and they, acting as parents, continued to live in Alabama at the time they filed their petition for custody, the juvenile court had jurisdiction under § 30-3B-201(a)(l) and continuing jurisdiction under § 30-3B-202(a). We disagree.
The juvenile court did not make an initial determination regarding custody of the child. For purposes of the UCCJEA, an initial determination is “[t]he first child custody determination concerning a particular child.” ■§ 30-3B-102(8), Ala.Code 1975. The Mississippi court made an initial custody determination regarding the child when it granted custody of the child to the father in 1998. C.B. and L.K.’s argument that they were not attempting to modify the 1998 divorce judgment does not alter the characterization of that judgment as an initial determination regarding custody of the child under the UCCJEA. The juvenile court did not make the first child-custody determination regarding the child, and, therefore, it did not make an initial custody determination under § 30-3B-201(a)(1).
Because the juvenile court did not make an initial determination as to the custody of the child under § 30-3B-201 and, as we stated above, had no jurisdiction to modify the Mississippi court’s 1998 initial custody determination under § 30-3B-203, the juvenile court did not have continuing jurisdiction over issues relating to custody of the child pursuant to § 30-3B-202(a) as C.B. and L.K. argue.
Based on the foregoing, the juvenile court correctly determined that it did not have jurisdiction over C.B. and L.K’s petition. Accordingly, the juvenile court’s order dismissing the action is due to be affirmed. We note that the Mississippi court may consider C.B. and L.K.’s request for custody and make a determination regarding their allegations that the father abandoned the child.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. "An appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court.” Rule 28(D), Ala. R. Juv. P.

. "(1) Appeals from final orders, judgments, or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
"(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto ...."
Rule 28(A), Ala. R. Juv. P.

. C.B. and L.K. did not allege in their petition, and have not argued before this court or the juvenile court, that the child is dependent.

. See Feria v. Soto, 990 So.2d at 421 (discussing circumstances in which Alabama courts may exercise temporary emergency jurisdiction under the UCCJEA).