BRYAN, Judge.
The sole issue presented in this appeal is whether the Shelby Juvenile Court (“the juvenile court”) properly exercised jurisdiction over the dependency petition filed by M.W.M. (“the paternal grandmother”) pursuant to § 30-3B-101 et seq., Ala.Code 1975, Alabama’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”).
On August 20, 2007, the paternal grandmother filed a petition alleging that R.E.W. (“the child”), the grandson of the paternal grandmother, was dependent and was “without a parent to provide for his support .... ” The parents of the child, D.P. (“the mother”) and E.R.W. (“the father”), are not married, and, at the time the dependency petition was filed, both parents lived in the state of Illinois. According to the paternal grandmother’s dependency petition, the father “delivered the child” to the paternal grandmother on or about June 1, 2007. She further alleged that the father and the mother were financially unable to care for the child and that the mother had no permanent residence and was “physically ill.”
According to the custody affidavit signed by the paternal grandmother, the child had been living with her in Shelby County from June 1, 2007, through August 20, 2007, the date she filed the dependency petition, or approximately two and one-half months. Before June 1, 2007, the child had lived in Illinois with either the father or both the father and the mother from 2001 through May 31, 2007, except for a four-month stay in Shelby County with the paternal grandmother from September 2006 through December 2006.[1] The paternal grandmother stated that she was unaware of any custody proceeding involving the child pending in Alabama or in any other state.
The juvenile court held a hearing on September 13, 2007; the mother and her attorney, but not the father, appeared.[2] On the date of the hearing, the mother tested positive for marijuana and admitted to taking Oxycodone without a prescription. The juvenile court entered a penden-te lite order that stated that “[t]he release of the child would present a serious threat of substantial harm to the child.” The pendente lite order further stated that the mother had agreed to the juvenile court’s award of temporary custody of the child to the paternal grandmother, and the mother *63 was awarded visitation. The order also stated that “[t]he Court shall consult with the appropriate juvenile court in the State of Illinois to determine the appropriate jurisdiction for this matter.”
The juvenile court held a second hearing on February 26, 2008; the father and his attorney, but not the mother, appeared. The father agreed that custody of the child should remain with the paternal grandmother, and the father was awarded visitation.[3] The father was ordered to finance and participate in random drug screens in Illinois.
On May 8, 2008, the father filed a motion to dismiss the paternal grandmother’s dependency petition on the basis that the juvenile court did not have subject-matter jurisdiction over the proceedings pursuant to the UCCJEA. The father alleged that Illinois was the “home state” of the child and that, therefore, the juvenile court did not have jurisdiction to enter an order regarding an initial custody determination of the child.
The paternal grandmother filed an objection to the father’s motion to dismiss, alleging that the juvenile court could properly exercise temporary emergency jurisdiction under the UCCJEA. The paternal grandmother alleged that the mother and the father had abandoned the child because, she said, after the father had sent the child on an airplane from Illinois to the paternal grandmother in Alabama, she had received no support from the mother or the father on behalf of the child. Further, the paternal grandmother alleged that the mother “had no income or assets[,] had moved to Colorado to ‘live with friends,’ and was on welfare .... ”
The paternal grandmother stated that the father had not visited with the child since February 26, 2008, had not supported the child, had not submitted evidence of random drug screens, and had not presented the juvenile court with a home evaluation as ordered. The paternal grandmother alleged that giving custody of the child to the father would pose a substantial danger to the child because the father had been charged, in May 2008, with felony possession of a controlled substance in Cook County, Illinois.[4] Finally, in further support of her assertion that the juvenile court could properly exercise temporary emergency jurisdiction, the paternal grandmother averred that the father had a long history of drug abuse, “including intravenously inject[ing] Oxycontin, cocaine, marijuana, alcohol and Vicodin.” The paternal grandmother attached exhibits to substantiate her allegations of the father’s arrest and drug abuse, including the father’s hospital records and court records from Cook County, Illinois.
On June 3, 2008, the juvenile court entered an order that stated, in pertinent part:
“2. That the minor child was present in the State of Alabama, Shelby County on the date the [dependency] petition was filed and was therefore subject to the emergency jurisdiction of this Court.
“8. That, pursuant to the [UCCJEA], the proper state of jurisdiction for this matter would be the ‘home state’ of the minor child[;] ... the ‘home state’ of the minor child is the state where the minor child resided for six (6) months next preceding the filing of the complaint. “4. As the home state of this child is the state of Illinois, pursuant to the *64 [UCCJEA], the state of Illinois is the proper place of jurisdiction of this matter. The Court notes that, upon consideration of the Custody Affidavit filed by the [paternal grandmother], said child last resided in the state of Illinois for 6 months next preceding the filing of the petition herein.
“5. Pursuant to the provisions of the [UCCJEA] this Court would have jurisdiction over this child to enter an Order for the protection and welfare of the minor child pending Order of the home state. Therefore, it is the Order of this Court, having considered the argument and pleadings herein, that the minor child shall remain in the custody of [the paternal grandmother], pending further Order of this Court or a SUBSEQUENT Order of the appropriate Court in the state of Illinois.
“6. Pursuant to the [UCCJEA], this Court hereby notifies the Court of the home state that this Court is willing to exercise jurisdiction of this child in the event that the home state of the child chooses to relinquish jurisdiction pursuant to the provisions of the [UCCJEA].”
(Capitalization in original.)
On September 23, 2008, the juvenile court conducted a telephone conference with a judge from the circuit court of Cook County, Illinois (“the Illinois court”). The Illinois court entered an order relinquishing jurisdiction of the father’s custody petition “to the State of Alabama.”[5] The order stated that all parties and their attorneys were present for the telephone conference, either in Alabama or in Illinois. The Illinois court also stated that the order was a final and appealable decision; there is no indication that the father appealed the order.
The juvenile court held a final hearing on January 29, 2009, regarding the paternal grandmother’s dependency petition; neither the father nor the mother appeared for the hearing. The juvenile court found the child dependent, and it awarded custody of the child to the paternal grandmother. The father timely appealed.
Because the father appeals only the juvenile court’s finding that it had proper subject-matter jurisdiction to hear the paternal grandmother’s dependency petition, we will not discuss the merits of the dependency petition.[6]
“A court does not have the authority to act if that court lacks subject-matter jurisdiction.” J.B. v. A.B., 888 So.2d 528, 532 (Ala.Civ.App.2004). “An order entered by a trial court without jurisdiction is a nullity.” Id. (citing Ex parte Norfolk S. Ry. Co., 816 So.2d 469, 472 (Ala.2001), citing in turn Ex parte Hornsby, 663 So.2d 966 (Ala.1995)). This court’s review of subject-matter jurisdiction is de novo. M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008).
Section 30-3B-201(a), Ala.Code 1975, provides “the exclusive jurisdictional basis for making a child custody determination by a court” in the State of Alabama. § 30-3B-201(b), Ala.Code 1975. Section 30-3B-201(a) states, in pertinent part:
“(a) Except as otherwise provided in Section 30-3B-204[, Ala.Code 1975], a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the com *65 mencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, [Ala.Code 1975,] and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208
The UCCJEA defines the “home state” of a child as “[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding.” § 30-3B-102(7), Ala.Code 1975. According to the custody affidavit filed by the paternal grandmother, the child had only been in Shelby County for approximately two and one-half months before the commencement of the dependency action. The custody affidavit also showed that the child had been living in Illinois with the father and the mother for approximately six months before the child moved to Shelby County on June 1, 2007. Therefore, the juvenile court correctly found that Illinois was the child’s home state under the UCCJEA.
Although Illinois had proper jurisdiction over the initial custody determination of the child pursuant to § 30-3B-201(a)(1), the juvenile court found that it had temporary emergency jurisdiction pursuant to § 30-3B-204,[7] which states in pertinent part:
“(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child ... is subjected to or threatened with mistreatment or abuse.”
The UCCJEA defines “abandoned” in § 30-3B-102(l), Ala.Code 1975, as being “[l]eft without pro-vision for reasonable and necessary care or supervision.” The paternal grandmother produced evidence to the juvenile court indicating that the father had been arrested on drug charges in Illinois in May 2008 and that he had been admitted to a hospital in Illinois in August 2006 for “poly-drug dependence and detoxification.” Further, the mother had admitted to using prescription medication without a prescription and had tested positive for marijuana on the date of the first hearing. In addition, the mother admitted that she had moved from Illinois to Colorado to “live with friends” and that she had no income as of September 2007. Based on that evidence and the allegations in the paternal grandmother’s dependency peti *66 tion that neither the mother nor the father had provided any support for the child, we conclude that the juvenile court properly exercised temporary emergency jurisdiction to protect the child until the Illinois court issued an order. See § 30-3B-204, Official Comment.
We reject the father’s argument that temporary emergency jurisdiction could not have been invoked by the juvenile court because the paternal grandmother did not specifically request it at the outset of the dependency proceeding. We also reject the father’s argument that the juvenile court’s exercise of temporary emergency jurisdiction was improper because the juvenile court did not explicitly state that it was exercising temporary emergency jurisdiction until after the filing of the father’s motion to dismiss. See Feria v. Soto, 990 So.2d 418 (Ala.Civ.App.2008) (when there was no indication that petitioner sought to have the court exercise temporary emergency jurisdiction in his initial custody petition, the trial court stated for the first time, in denying a motion to vacate the judgment, that it was exercising temporary emergency jurisdiction).
We conclude that the juvenile court properly exercised jurisdiction to make an initial custody determination of the child pursuant to § 30-3B-201(a)(3), Ala.Code 1975, because “[a]ll courts having jurisdiction under subdivision (1) or (2) [of § 30-3B-201(a) ] have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 ....” § 30-3B-201(a)(3). The record clearly demonstrates that the State of Illinois was the only state that could have properly exercised jurisdiction to make an initial custody determination regarding the child pursuant to § 30-3B-201(a)(l) or § 30-3B-201(a)(2). The record also demonstrates that the Illinois court relinquished jurisdiction “to the State of Alabama” and dismissed the father’s pending custody action in Cook County, Illinois.
The State of Illinois has adopted a version of the UCCJEA, 750 Ill. Comp. Stat. § 36/101 et seq. (2009), that is substantially similar to Alabama’s version of the UC-CJEA. Section 750 Ill. Comp. Stat. 36/206(b) (2009),[8] states, in pertinent part:
“If the court determines that a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this Act, the court of this State shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this Act does not determine that the court of this State is a more appropriate forum, the court of this State shall dismiss the proceeding.”
At the time the Illinois court dismissed the father’s custody petition and relinquished jurisdiction to the courts of Alabama, the juvenile court was properly exercising temporary emergency jurisdiction pursuant to § 30-3B-204, Ala.Code 1975. Because the Illinois court dismissed the father’s pending custody action and relinquished jurisdiction to the courts of Alabama, we must assume that the Illinois court agreed that Alabama was “the more appropriate forum to determine the custody of the child under Section 30-3B-207.”[9]
We therefore conclude that the juvenile court had proper subject-matter jurisdic *67 tion, pursuant to § 80-3B-201(a)(3), to make an initial custody determination of the child; therefore the order of the juvenile court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ„ concur.
MOORE, J., concurs in the result, without writing.

. The mother alleged that she had also been in Shelby County with the son from September 2006 through December 2006.

. The order of the juvenile court dated September 13, 2007, contains a handwritten notation that states, "Father was served but did not appear.”

. No transcript of this hearing, or the September 13, 2007, hearing, appears in the record on appeal.

. The father was also charged with several violations of the Motor Vehicle Code of Illinois.

. Apparently, the father had filed a custody action in Cook County, Illinois. No record of that action, including its filing date, appears in the record on appeal.

. The juvenile court has certified the record as being adequate for appellate review. See Rule 28(A)(1)(a), Ala. R. Juv. P.

. The Official Comment to § 30-3B-204 states that “a court may take jurisdiction to protect the child even though it can claim neither home state nor significant connection jurisdiction.” See § 30-3B-201(a)(l) and § 30-3B-201(a)(2).

. This statute corresponds to Ala.Code 1975, § 30-3B-206(b).

. Section 30-3B-207 states, in pertinent part:
"(a) A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum un *67 der the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court’s own motion, or request of another court.
"(b) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this puipose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
"(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
"(2) The length of time the child has resided outside this state;
"(3) The distance between the court in this state and the court in the state that would assume jurisdiction;
"(4) The relative financial circumstances of the parties;
“(5) Any agreement of the parties as to which state should assume jurisdiction;
"(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
"(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
"(8) The familiarity of the court of each state with the facts and issues in the pending litigation.”