THOMPSON, Presiding Judge.
D.E.F. (“the father”) is the father of L.L.F. (“the child”). Following his birth in June 2008, the child resided for a time in the home the father shared with his wife, R.F., and her three children from a previous relationship.[1]
On October 31, 2008, the child and R.F.’s three children were taken into protective custody following allegations that the father and R.F. had physically abused some or all of the children in the home. The Baldwin County Department of Human Resources (“DHR”) then filed in the juvenile court a petition alleging, in pertinent part, that the child was dependent. On December 8, 2008, the juvenile court entered an order in which it found the child dependent and awarded temporary legal and physical custody of the child to DHR.
Following a hearing, the juvenile court, on December 17, 2008, entered a judgment in which it found the child dependent, *836 placed the child “in the legal and physical custody of [J.E.D.] and [L.M.D.],” and specified that “[t]his case is hereby closed and DHR is relieved of supervision on this case.” The father did not appeal that judgment.
On February 5, 2009, the father filed in the juvenile court a Rule 60(b), Ala. R. Civ. P., motion seeking relief from the December 17, 2008, judgment. The juvenile court granted the motion on March 16, 2009. J.E.D. and L.M.D. filed a petition for a writ of mandamus in this court challenging the March 16, 2009, order setting aside the December 17, 2008, judgment. The father did not respond to the petition for a writ of mandamus filed in this court. On May 7, 2009, this court entered an order granting the petition for a writ of mandamus. Ex parte J.D., 51 So.3d 1134 (Ala.Civ.App.2009) (table).
Thereafter, on July 8, 2009, the father filed in the juvenile court a petition seeking to modify the December 17, 2008, judgment. The father alleged that the child was “currently in the legal and physical custody” of J.E.D. and L.M.D. and that a material change of circumstances had occurred warranting an award of custody of the child to him. J.E.D. and L.M.D. answered and opposed the father’s custody-modification action.
The juvenile court received ore tenus evidence over the course of four days between July 2010 and December 2010. At the conclusion of the father’s presentation of evidence, J.E.D. and L.M.D. orally moved for a judgment as a matter of law, arguing that the father had not met his evidentiary burden. The child’s guardian ad litem joined the motion for a judgment as a matter of law. The juvenile court orally granted the motion during the hearing. Later, on January 12, 2011, the juvenile court entered a judgment denying the father’s modification petition on the basis that the father had not met his burden of proof in support of his petition to modify custody. The father timely appealed that portion of the judgment entered in favor of L.M.D.; the father did not appeal the judgment as it pertained to J.E.D.[2]
A recitation of the evidence presented at the ore tenus hearing is not necessary to resolve the issues raised on appeal. The two arguments asserted by the father in his brief submitted to this court each involve only legal issues. “When this court is presented with a question of law in a child-custody case, we review the judgment of the trial court de novo, without affording it any presumption of correctness.” C.B. v. B.B., 998 So.2d 489, 491 (Ala.Civ.App.2008) (citing Patrick v. Williams, 952 So.2d 1131, 1138 (Ala.Civ. App.2006), and Barber v. Moore, 897 So.2d 1150, 1153 (Ala.Civ.App.2004)).
The father first argues that the juvenile court applied an incorrect legal standard. Specifically, the father contends that the juvenile court erred in requiring him to meet the evidentiary burden established in Ex parte McLendon, 455 So.2d 863 (Ala. 1984). This court has explained:
“In Ex parte McLendon, ... our supreme court held that the proper standard to be applied in child-custody cases wherein a parent has either voluntarily forfeited custody or has lost custody due to a prior judgment is whether there has been a material change in circumstances since the prior judgment; whether a *837 change in custody will materially promote the best interests of the child; and whether the benefits of the change in custody will more than offset the inherently disruptive effect caused by uprooting the child. 455 So.2d [868,] 865 [ (Ala.1984) ].”
Barber v. Moore, 897 So.2d at 1158. The father argues that, rather than the McLendon standard, the juvenile court should have applied the best-interests-of-the-child standard applicable in dependency actions. See B.S.L. v. S.E., 826 So.2d 890, 892-93 (Ala.Civ.App.2002) (the best-interests-of-the-child standard applies in a dependency action); and O.L.D. v. J.C., 769 So.2d 299, 302 (Ala.Civ.App.1999) (same).
This court has held, however, that when a juvenile court has entered a judgment awarding custody of a dependent child to a relative, a parent seeking to modify that custody order must meet the McLendon standard in order to regain custody of the child. J.W. v. C.B., 56 So.3d 693, 699 (Ala.Civ.App.2010); M.B. v. S.B., 12 So.3d 1217, 1219-20 (Ala.Civ.App.2009). L.M.D. argues that the father “either voluntarily forfeited custody or has lost custody due to a prior judgment,” i.e., the December 17, 2008, judgment. See Barber v. Moore, 897 So.2d at 1153. Therefore, she contends, the father was required to meet the McLendon standard.
The father does not dispute the existence of the December 17, 2008, judgment or that it awarded J.E.D. and L.M.D. legal and physical custody of the child. Rather, on appeal, he disputes the validity of that prior judgment. However, as already indicated, the father did not appeal the December 17, 2008, judgment, and, in his February 2009 Rule 60(b) motion, the father asserted the same arguments concerning that judgment that he currently asserts before this court. Although the juvenile court granted the father’s Rule 60(b) motion, J.E.D. and L.M.D. successfully petitioned this court for a writ of mandamus with regard to that ruling. Accordingly, this court’s May 7, 2009, order granting the petition for a writ of mandamus and directing the juvenile court to vacate its March 16, 2009, order became the law of the case. Ex parte King, 821 So.2d 205, 209 (Ala.2001). Even assuming that the father had, in the current action, again challenged the validity of the December 17, 2008, judgment, the juvenile court would have been without authority to ignore the effect of that judgment.[3] Ex parte King, supra.
The juvenile court properly concluded that the father was required to meet the McLendon standard in order to modify the December 17, 2008, judgment awarding custody of the child to J.E.D. and L.M.D. Accordingly, we cannot say that the father has demonstrated error with regard to this issue. We note that the father has not argued on appeal that the juvenile court erred in determining that he had not met his evidentiary burden under Ex parte McLendon, supra. Accordingly, that argument is waived. Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994) (“Issues not argued in the appellant’s brief are waived.”).
The father also argues on appeal that he should not be required to meet the McLendon standard because, he says, the
*838 stringency of that standard violates public policy by creating a barrier to the reunification of a parent and a child. The father asks this court to “revisit current laws and standards relating to custody as they violate public policy.” The precedent the father would have this court overrule is not confined to the holdings of this court, but also encompasses opinions from the Alabama Supreme Court. See, e.g., Ex parte McLendon, 455 So.2d at 865 (stating that “[a] natural parent has a prima facie right to the custody of his or her child. However, this presumption does not apply after ... a prior [judgment] removing custody from the natural parent and awarding it to a non-parent.”). This court is bound by the precedent established by our supreme court. § 12-8-16, Ala.Code 1975 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals.... ”); Farmers Ins. Exch. v. Raine, 905 So.2d 832, 885 (Ala.Civ.App. 2004) (“Although the supreme court might choose to revisit this issue, this court is bound by precedent .... ”). Thus, even if we agreed with the father that the Ex parte McLendon standard somehow interferes with his reunification with the child, we may not overrule precedent established by our supreme court.
AFFIRMED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, with writing.

. R.F. is not the mother of the child. The record and briefs before this court do not indicate that the child’s mother, although served with process, has been involved in any of the litigation concerning the child.

. The father filed his notice of appeal after the juvenile court's oral ruling but before the entry of the January 12, 2011, final judgment. The father’s notice of appeal is deemed timely filed. See Hood v. Hood, 23 So.3d 1160, 1162 (Ala.Civ.App.2009) ("The ... notice of appeal is deemed to have been held in abeyance until the entry of that final judgment, see Rule 4(a)(4), Ala. R.App. P., and the appeal is timely.”).

. In the current modification action, the father did not file a claim seeking to vacate the December 17, 2008, judgment. Although the father arguably attempted to try that issue by the implied consent of the parties pursuant to Rule 15(b), Ala. R. Civ. P., given our conclusion that the claim was barred by the doctrine of law of the case, this court need not determine whether he properly did so.