MOORE, Judge,
concurring in the result.
I concur in the result. As I explained in D.E.F. v. L.M.D., 76 So.3d 834, 838 (Ala. Civ.App.2011) (Moore, J., concurring in the result), when a juvenile court places a child temporarily with a nonparent in order to protect the child during the parental-rehabilitation process, the public policy favoring family reunification mandates that the parent regain custody when the need for temporary protective custody ceases. On the other hand, when a juvenile court determines that continuing efforts toward family reunification no longer serve the best interests of the child and awards custody of the child to a nonparent in order to end the dependency of the child, that final dispositional judgment may be modified only by satisfying the more stringent standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984). D.E.F., 76 So.3d at 838 (Moore, J., concurring in the result).
After carefully reviewing the two judgments at issue, I find no language indicating that the Escambia Juvenile Court intended that P.A. and M.A. would exercise custody of A.P. and K.P. only for protective purposes during the parental-rehabilitation and family-reunification process. *983 The only language in the judgments that could arguably signal such an intent would be the reference to the “temporary” nature of the custody awarded. As the main opinion points out, however, all custody is, in a sense, temporary, and, under Alabama law, the use of that term does not imply that the custody is intended to be interim or conditional in nature. 78 So.3d at 981-82. Accordingly, I consider those judgments to be final dispositional judgments, subject to modification only through satisfaction of the McLendon standard.
For the foregoing reasons, I agree that the juvenile court erred in failing to apply the McLendon standard in the custody-modification proceedings below and that its judgments are due to be reversed and the causes remanded for the juvenile court to apply that standard.